# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CRIMINAL ACTION NO. 4:14-CR-167 |
| ERNEST JASSO, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 19, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Maureen Smith.

Ernest Jasso was sentenced on November 23, 2015, before The Honorable Marcia A. Crone of the Eastern District of Texas, after pleading guilty to the offense of Using a Communications Facility to Commit a Controlled Substance Offense, a Class E felony. This offense carried a statutory maximum imprisonment term of not more than 4 years and not more than 3 years of supervised release. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 0 to 48 months. Ernest Jasso was subsequently sentenced to an imprisonment term of 48 months followed by a 1-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health and substance abuse treatment and testing, and acquiring a GED. On September 21, 2018, Ernest Jasso completed his period of imprisonment and began service of the supervision term. On

September 9, 2019, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On January 29, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 53, Sealed]. The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance; (2) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (3) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (4) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons; (5) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as the defendant is released from the program by the probation officer; and (6) The defendant shall acquire a General Educational Development (GED) certificate.

The Petition alleges that Defendant committed the following acts: (1) On November 22, 2019, during a home visit, the defendant admitted to using marijuana recently and submitted a urine specimen that tested positive for marijuana and PCP. The specimen was confirmed by Alere Toxicology Services to be not consistent with normal human urine; (2) The defendant failed to submit monthly supervision reports for the months of October 2019; and December 2019, as required; (3) On January 3, 2020, a woman who wanted to remain anonymous notified the U.S. Probation Office that the defendant had a new residence located at 710 Jefferson Street in McKinney, Texas 75069. The defendant failed to informe [sic] his U.S. Probation Officer of this change in residence; (4) On November 2, 2019, the defendant was fired from his position at Ready

Cable, Inc., due to the company going in a different direction. The defendant failed to provide proof of employment for the months of November and December 2019, and January 2020; (5) The defendant was enrolled in substance abuse counseling with Fletcher Counseling & Associates and was unsuccessfully discharged on November 7, 2019, due to his lack of participation. On January 9, 2019, the defendant submitted a urine specimen that was determined to be diluted. The specimen was confirmed diluted by Alere Toxicology Services. On September 9, 2019, during an office visit, the defendant refused to provide a urine specimen and verbally and in writing admitted to using marijuana, cocaine, and ICE on September 7, 2019. The defendant was enrolled in random drug testing with On-Scene Testing in McKinney, Texas, and failed to report for scheduled testing on August 2, 2019; August 13, 2019; September 9, 2019; November 23, 2019; November 27, 2019; December 3, 2019; December 7, 2019; and January 11, 2020. The defendant was unsuccessfully discharged on January 13, 2020; and (6) The defendant has failed to provide any documentation providing verification of his attendance at GED courses or completing any tests.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 and 5 (allegation 5 is admitted only as to the use of marijuana and cocaine) of the Petition. The Government dismissed the remaining allegations 2, 3, 4 and 6. Having considered the Petition and the plea of true to allegations 1 and 5 (as to the use of marijuana and cocaine), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a total term of twelve (12) months of imprisonment, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in either Big Sandy, Kentucky or Beaumont, Texas, if appropriate.

**SIGNED this 9th day of April, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE